UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRINA COLLIER,<br><br>                       Plaintiff,<br><br>v.<br><br>CHARLES WADE COLLIER, et al.,<br><br>                       Defendants. | Case No.: 23-CV-00170-DMS-DDL<br><br>**ORDER** |

Plaintiff, a non-prisoner proceeding *pro se*, has filed a Complaint (ECF No. 1) along with a request to proceed *In Forma Pauperis* (ECF No. 2), a request for appointment of counsel (ECF No. 3), a Motion for Writ of Mandamus (ECF No. 3), and an Emergency Application for Temporary Restraining Order (ECF No. 4). For the following reasons, Plaintiff's request to proceed *In Forma Pauperis* is granted, and the complaint is dismissed with prejudice. All pending motions are therefore denied as moot.

/ / /

/ / /

/ / /

/ / /

# I.

# BACKGROUND

Plaintiff and her claims are not new to the court system. The crux of Plaintiff's claims in the federal court system appear to stem from two family law matters in California state court—a marital dissolution case filed in 2018 in Santa Clara County Superior Court, Case No. 18FL000889, and a domestic violence restraining order case, also filed in 2018 in Santa Clara County Superior Court, Case No. 18DV000161.

In 2021, Plaintiff filed a complaint in the United States District Court for the Northern District of California seeking relief under the False Claims Act. *Irina Collier v. University of California, Berkeley*, 21-cv-00502. The district court dismissed her complaint. *Id.* Plaintiff appealed, and the Ninth Circuit denied her appeal as frivolous. *Irina Collier v. University of California, Berkeley*, No. 21-15369, cert. denied, 142 S.Ct. 2719 (U.S. May 16, 2022) (No. 21-7285). Plaintiff appealed the district court order to the Federal Circuit, and the Federal Circuit denied the appeal for lack of jurisdiction. *Collier v. University of California, Berkeley*, No. 2022-1442, 2022 WL 1676223, at *1 (Fed. Cir. My 26, 2022). In connection with the same district court case, Plaintiff also filed a petition for issuance of an emergency writ. The Federal Circuit denied this petition. *See Collier v. Univ. of Cal., Berkeley*, No. 2022-1442 (Fed. Cir. June 29, 2022). Plaintiff additionally filed a petition for a writ of mandamus in the Federal Circuit Court. The Federal Circuit denied the petition based on lack of jurisdiction. *In re Collier*, No. 2022-165, 2022 WL 17075046, at *1 (Fed. Cir. Nov. 18, 2022).

Plaintiff then sought relief again in the United States District Court for the Northern District of California, this time for alleged civil rights violations and related family law matters. *Collier v. President of Stanford et al.*, 22-cv-5375, ECF No. 1 (N.D. Cal.). The magistrate judge granted IFP status, but recommended the case be dismissed pursuant to a sua sponte screening under 28 U.S.C. § 1915. *Id.* at ECF No. 12 (recommending dismissal due to lack of subject matter jurisdiction because the underlying issues involve California family law matters and the *Rooker-Feldman* doctrine divests the court of jurisdiction).

Plaintiff appealed, and the Ninth Circuit dismissed her appeal as premature. *Collier v. President of Stanford, et al.*, No. 22-16529 (9th Cir. Oct. 21, 2022). Plaintiff thereafter appealed the Ninth Circuit decision to the Federal Circuit. The Federal Circuit dismissed Plaintiff's appeal because it lacked jurisdiction. *See Collier v. President of Stanford*, No. 23-1185 (Fed. Cir. Dec. 30, 2022) (stating "this is now our fourth decision this year explaining to Ms. Collier the statutory limits of this court's jurisdiction over her civil matters arising from the Northern District of California").

In the same district court case, *Collier v. President of Stanford et al.*, 22-cv-5375, Plaintiff filed an ex parte motion for a temporary restraining order (TRO). ECF No. 44. Plaintiff sought to "enjoin defendants from allegedly retaliating against her and violating a Domestic Violence Restraining Order." *Id.* at 1. The court denied the TRO because Plaintiff failed to provide notice to the adverse party, and had not otherwise met her burden for a TRO. *Collier v. President of Stanford et al.*, 22-cv-5375, ECF No. 46 (N.D. Cal.). A few weeks later, the district court judge adopted the recommendation of the magistrate judge and dismissed the case with prejudice. *Id.* at ECF No. 49. Plaintiff now brings essentially the same claims before this Court.

Here, Plaintiff alleges a litany of causes of action against the defendants, including: violation of the Thirteenth Amendment, violation of a Domestic Violence Restraining Orders (DVRO), violation of the Victims Against Women Act (VAWA), violation of her son's First Amendment rights, human trafficking, sexual assault, labor exploitation, bank fraud, insurance fraud, educational discrimination, stalking, cyberstalking, surreptitious smart house surveillance, health damage to a minor, drugging, threats to victims' lives, home invasions, United States Postal Service (USPS) violations, and obstruction of justice by the Florida and California Sheriff's offices. *See generally* Pl. Compl. (ECF No. 1). Plaintiff contends the defendants conspired to commit these causes of actions under RICO. Throughout the complaint, Plaintiff asks this Court to consolidate all of her cases, and to change the status of this case and the others from civil to criminal.

/ / /

# I. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a); Civil Local Rule 4.5. An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit is sufficient to show she is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2(d). Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).[1]

# II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted *sua sponte* dismissal of only frivolous and malicious claims. *Id.* at 1130. The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only

---

[1] Two weeks ago, the United States District Court for the Northern District of California revoked Plaintiff's IFP status because Plaintiff "failed to state a valid claim and has filed multiple convoluted and frivolous" actions. *Collier v. President of Stanford et al.*, 22-cv-5375 (N.D. Cal. Jan. 19, 2023). Nevertheless, this Court grants Plaintiffs motion to proceed IFP.

permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

IFP complaints which are "[d]uplicative or repetitious litigation of virtually identical causes of action [are] subject to dismissal." *Anderson Adams v. Hernandez*, 1993 WL 548812, at *2. (N.D. Cal. Dec. 21, 1993). Where a plaintiff repeats pending or previously litigated claims, it is proper to dismiss it as frivolous under 28 U.S.C. § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted). "[I]n assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

As summarized above, Plaintiff's claims are not new to the federal courts. The Court takes judicial notice of the records of each of Plaintiff's previous cases noted above. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citations omitted) (a court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). Here, Plaintiff has already brought nearly identical claims before the Northern District of California, the Ninth Circuit, the Federal Circuit, and the United States Supreme Court. The Plaintiff is the same in each case, Irina Collier, as are the defendants. In the complaint here, Plaintiff lists Charles Wade Collier, Collier-Garbers IDEAS Inc., and Colliers Trust Fund. However, throughout the complaint, Plaintiff also alleges harms by the University of California, Berkeley, Marty Collier, and the President of Stanford. Collectively, these

are the same defendants in Plaintiffs previous lawsuits noted above.  Therefore, the Court finds Plaintiff's complaint here is duplicative and subject to dismissal.

Additionally, in order to prevent abusive litigation, 28 U.S.C. § 1915(d) permits courts to dismiss a claim filed IFP if it is frivolous.  A complaint is legally "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  As set forth in the prior federal district court case, *Collier v. President of Stanford et al.*, 22-cv-5375 (N.D. Cal.), Plaintiffs claims stem from claims regarding an application for a Domestic Violence Restraining Order (DVRO) in a California state court case.[2]  Plaintiff does make numerous allegations, *e.g.* claims under RICO, VAWA, and the First and Thirteenth Amendments, over which a federal court may have jurisdiction.  However, the facts in the Complaint do not support such claims, and the legal conclusions Plaintiff asks the Court to reach are not viable.

Plaintiff's allegations here stem from a California family law matter, which began in 2018 according to the Complaint.  Under the *Rooker-Feldman* doctrine, federal courts are deprived of jurisdiction to hear appeals to final, and non-final, orders and judgments issued by a state court.  *See Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).  An action constitutes a de facto appeal when the plaintiff is asserting legal errors by a state court and is seeking a relief from the state court judgment.  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (citing *Noel*, 341 F.3d at 1163).  Here, Plaintiff is doing just that.  Plaintiff has already appeared before the Santa Clara County Superior Court regarding the custody of her child.  Although in addition to her allegations regarding alleged DVRO violations, Plaintiff asserts numerous federal violations, the underlying conduct stems from an alleged

---

[2] Based upon review of the court records in case no. 18DV000161, it is not clear whether a restraining order was issued by the court.  It simply appears Plaintiff applied for a DVRO.

disagreement regarding child custody. As such, the Court finds Plaintiff's complaint here is frivolous and subject to dismissal without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

## III.
## CONCLUSION

In light of the above, Plaintiff's Motion to Proceed IFP is **GRANTED** and the Complaint is **DISMISSED** with prejudice, and without leave to amend. In light of this ruling, Plaintiff's remaining motions for appointment of counsel, writ of mandamus, and emergency application for temporary restraining order are denied as moot.

**IT IS SO ORDERED.**

Dated: February 3, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court